WADE ROSE v. SHEA BROTHERS CONSTRUCTION COMPANY.

(Filed 21 December, 1927.)

**1. Negligence—Instructions—Proximate Cause.**

Where the evidence is conflicting upon the trial of an action to recover damages for an alleged negligent injury received by the plaintiff involving the question of negligence and contributory negligence, it is reversible error for the judge to omit to charge thereunder upon the principle of the proximate cause of the injury sustained, and upon the issue of the plaintiff's contributory negligence.

**2. Appeal and Error—Record—Review.**

The case on appeal to the Supreme Court will be reviewed upon the record, though it appears that the case was agreed upon by the parties and not settled by the judge presiding at the trial.

ROSE *v.* CONSTRUCTION CO.

APPEAL by defendant from *Sink, Special Judge,* at June Term, 1927, of GRAHAM.

Civil action to recover damages for an alleged negligent injury to plaintiff, an employee of defendant, while engaged in his duties as a teamster, moving a heavy air compressor, tried upon the following issues:

"1. Was the plaintiff, Wade Rose, injured by the negligence of the defendant as alleged in the complaint?  Answer: Yes.

"2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer?  Answer: No.

"3. Did the plaintiff assume the risk of his injury as alleged in the answer?  Answer: No.

"4. What damage, if any, is the plaintiff entitled to recover?  Answer: $3,000."

Judgment on the verdict for plaintiff, from which the defendant appeals, assigning errors.

*T. M. Jenkins for plaintiff.*
*R. L. Phillips for defendant.*

STACY, C. J.  Consideration of the exceptions *seriatim* is pretermitted, as we find it necessary to award a new trial for error in the following instruction to the jury:

"The court charges you that a party is liable for injury to another where it has not provided machinery and appliances such as are in common and general use.  One place is not sufficient to make it common and general use."

The vice of this instruction lies in the fact that it not only omits any reference to proximate cause, but it also eliminates consideration of plaintiff's alleged contributory negligence and assumption of risk on the ultimate issue of liability.  The evidence with respect to these issues is not all one way.

The case on appeal was not settled by the judge, and it is possible that the charge, as reported, is incomplete, but we must take the record as we find it.  A somewhat similar instruction was considered in the recent case of *Hurt v. Power Co., ante,* 696, and, on authority of what was said in that case, a new trial must be awarded.

New trial.